IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,   :

    Plaintiff,   :

  v.   :   Case No. 2:08-mj-224-TK

Donald Giles,   :   MAGISTRATE JUDGE KEMP

    Defendant.   :

DETENTION ORDER

The Court held a detention hearing in this case on May 5, 2008. After hearing argument, the Court detained the defendant without bond. The reasons for that action are set forth below.

Defendant was charged in a criminal complaint with conspiring to distribute more than 500 grams of cocaine. That offense allegedly occurred on April 25, 2008. He waived a preliminary hearing. The charge carries with it a presumption of detention, explained as follows.

Legal Standard Applicable. The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses. That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances

>       Act (2l U.S.C. 801 et seq)...[or] an
>       offense under section 924(c)...of this
>       title...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

    The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in United States v. Jessup, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

    In order to attempt to rebut the presumption of detention

arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged. Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings. If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance. <u>United States v. Dominguez</u>, 783 F.2d 702 (7th Cir. 1986). However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

    According to the complaint, as a result of information provided by a confidential source, on April 25, 2008, law enforcement agents set up surveillance on a location where an individual named Jarrod Denny was believed to be distributing cocaine. A car being driven by Shawn Arnold, in which defendant was a passenger, arrived at that location. Mr. Denny subsequently arrived and all three of them went into the house, leaving a short time later. Mr. Arnold's car was stopped by police, and after refusing to consent to a search of his car, Mr. Arnold and the defendant fled the scene in Mr. Arnold's car. Close to where the car was stopped for a second time, agents found a kilogram of cocaine. The confidential source told agents that Mr. Arnold and the defendant have bought cocaine from Mr. Denny in the past. These facts lead to the conclusion that there is probable cause to believe that the defendant committed a serious drug crime.

    The Pretrial Services report contains little positive

information about the defendant. He has lived in the Columbus area for about twelve years, moving here in 1996 after being released from prison in North Carolina. He had been sentenced in 1990 for trafficking in cocaine. He served a ten-year parole term after his release, during which he was convicted of two new felonies, receiving stolen property in 2001 and burglary in 2006. He served a two-year jail term for the burglary and was just recently released from prison. Not surprisingly, he has a poor work history, although he has applied for disability several times based on a foot problem. He has lived with his mother when not in prison, and she is willing to have him return to her home under electronic monitoring.

In the Court's view, the support of his mother does little to offset the fact that defendant has three prior felony convictions, two of which occurred while he was on parole, and is now charged with a felony drug crime shortly after completing a prison term. He simply did not rebut the presumption present in this case that he is both a danger to the community and a risk of flight. For all of these reasons, the Court detained the defendant without bond pending trial.

The defendant was advised of his right to seek review of this order by a United States District Judge under 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge